United States District Court
Southern District of Texas
FILED

MAY 1 4 2008

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Crim. No.** _____ |
| **Plaintiff,** | : | **H - 08 - 287** |
| | : | |
| **v.** | : | |
| | : | |
| **WILLBROS GROUP, INC., and** | : | **DEFERRED PROSECUTION** |
| **WILLBROS INTERNATIONAL, INC.,** | : | **AGREEMENT** |
| | : | |
| **Defendants.** | : | |

Defendants Willbros Group, Inc. ("WGI") and its wholly-owned subsidiary, Willbros International, Inc. ("WII"), Panama corporations, by their undersigned attorneys, pursuant to authority granted by WGI's Board of Directors, and the United States Department of Justice, Criminal Division, Fraud Section (the "Department of Justice" or "the Department") enter into this Deferred Prosecution Agreement ("the Agreement"), which shall apply to WGI, WII, and all of the affiliates and subsidiaries under their direction and control. The terms and conditions of this Agreement are as follows:

## Criminal Information and Acceptance of Responsibility

1.     WGI and WII accept and acknowledge that the United States will file a criminal Information in the United States District Court for the Southern District of

1

Texas charging WGI and WII with conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371, that is, to violate the anti-bribery provisions of the Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended, 15 U.S.C. §§ 78dd-1, *et seq.*, and the books and records provisions of the FCPA, 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5) and 78ff(a) (Count One); payment of bribes, in violation of the FCPA, 15 U.S.C. §§ 78dd-1 and 78dd-2 and 18 U.S.C. § 2 (Counts Two and Three); and falsification of books, records and accounts, in violation of 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5) and 78ff(a) (Counts Four through Six).  In so doing, WGI and WII knowingly waive their right to indictment on these charges, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code § 3161, Federal Rule of Criminal Procedure 48(b), and all applicable Local Rules of the United States District Court for the Southern District of Texas for the period during which this Agreement is in effect.

2.     WGI and WII admit, accept and acknowledge that they are responsible for the acts of their officers, employees and agents, as set forth in the  Statement of Facts attached hereto as "Attachment A," and incorporated by reference into this Agreement, and that the facts described in Attachment A are true and accurate.  Should the Department initiate the prosecution that is deferred by this Agreement, WGI and WII

agree that they will neither contest the admissibility of, nor contradict, in any such proceeding, the Statement of Facts.

**Term of the Agreement**

3.      This Agreement is effective for a period beginning on the latest date on which any party signs it and ending three (3) years and seven (7) calendar days from that date (the "Term").

4.      WGI and WII agree that, in the event that the Department determines, in its sole discretion, that WGI and/or WII has knowingly violated any provision of this Agreement, an extension or extensions of the term of the Agreement may be imposed by Department, in its sole discretion, for up to a total additional time period of one-year.  Any extension of the Agreement extends all terms of this Agreement for an equivalent period.  Conversely, in the event the Department finds, in its sole discretion, that there exists a change in circumstances sufficient to eliminate the need for the Monitor, the term of the Agreement may be terminated early.

**Voluntary Cooperation**

5.      WGI and WII represent that they have undertaken the following activities, among others, prior to entering into this Agreement:

a.      commenced a thorough internal investigation under the supervision of the Audit Committee within twenty-four hours notice of allegations of corporate tax

fraud committed by employees and purported consultants working on behalf of WII's Bolivian subsidiary;

        b.      quickly expanded the scope of the internal investigation, which included extensive forensic analysis, into alleged misconduct in other international locations, primarily Nigeria and Ecuador, and promptly and voluntarily reported the results of the investigation to the Department and the Securities and Exchange Commission ("SEC");

        c.      severed their employment relationship with a senior international executive within ten days of receiving allegations of his involvement in the Bolivian tax scheme, and seized from him critical encrypted electronic evidence at the time of his severance;

        d.      took prompt and appropriate disciplinary actions, without regard to rank, against eighteen additional employees;

        e.      voluntarily agreed, as to the Department only, to a limited waiver of the attorney-client privilege with respect to certain specific subject matters important to the Department's understanding of the internal investigation;

        f.      promptly terminated commercial relationships with purported "consulting" companies based in Nigeria, which companies WGI and WII suspected of assisting in making improper payments to Nigerian government officials;

g. promptly reported the misconduct of certain WII employees who, along with others, made additional improper payments in Nigeria after internal and governmental investigations had begun, which reporting was a substantial factor in causing the guilty pleas of two of the responsible individuals;

h. upon conclusion of the internal investigation, continued to cooperate with the Department and SEC in their parallel investigations, which cooperation included making numerous current and former employees available for interviews and testimony in the United States and abroad, and responding promptly to requests for documentary evidence, much of which was located in remote international locations;

i. expanded, enhanced and, where appropriate, centralized WGI's worldwide legal, accounting and internal audit functions;

j. issued an enhanced, stand-alone FCPA policy and conducted worldwide training upon implementation of that policy;

k. retained new senior management with substantial international experience and understanding of FCPA requirements;

l. acknowledged responsibility for their misconduct; and

m. delayed their pursuit of civil remedies against certain former employees so as not to prejudice the Department's criminal investigation of those

5

individuals.

6.      During the Term of this Agreement, WGI and WII agree to continue to cooperate fully with the Department, and any other authority or agency, domestic or foreign, designated by the Department investigating WGI, WII, or any of their present and former directors, officers, employees, agents, consultants, contractors and subcontractors, or any other party, in any and all matters relating to corrupt payments. WGI and WII agree that their continued cooperation shall include, but is not limited to, the following:

a.      WGI and WII shall truthfully disclose all information with respect to the activities of WGI and WII and their present and former subsidiaries and affiliates, and the directors, officers, employees, agents, consultants, contractors and subcontractors thereof, concerning all matters relating to corrupt payments, related false books and records, and inadequate internal controls about which WGI and WII have any knowledge or about which the Department may inquire.  This obligation of truthful disclosure includes the obligation of WGI and WII to provide to the Department, upon request, any document, record or other tangible evidence relating to such corrupt payments, books and records, and internal controls about which the Department may inquire of WGI and WII, subject to the following limitations.

i.      The Department specifically reserves the right to request

6

that WGI and WII provide the Department with access to information, documents, records, facilities and/or employees that may be subject to a claim of attorney-client privilege and/or the attorney work-product doctrine.

        ii.     Upon written notice to the Department, WGI and WII specifically reserve the right to withhold access to information, documents, records, facilities and/or employees based upon an assertion of a valid claim of attorney-client privilege or application of the attorney work-product doctrine.  Such notice shall include a general description of the nature of the information, documents, records, facilities and/or employees that are being withheld, as well as the basis for the claim.

        iii.    In the event that WGI and WII withhold access to the information, documents, records, facilities and/or employees of WGI and WII, the Department may consider this fact in determining whether WGI and WII have fully cooperated with the Department.

        iv.    Except as provided in this Paragraph  6(a), WGI and WII shall not withhold from the Department any information, documents, records, facilities and/or employees on the basis of an attorney-client privilege or work product claim.

        b.     Upon request of the Department, with respect to any issue relevant to its investigation of corrupt payments, related books and records and inadequate internal controls, WGI and WII shall designate knowledgeable employees, agents or

attorneys to provide to the Department the information and materials described in Paragraph 6(a) above, on behalf of WGI and WII.  It is further understood that WGI and WII must at all times provide complete, truthful and accurate information.

       c.     With respect to any issue relevant to the Department's investigation of corrupt payments, related books and records and inadequate internal controls, in connection with the operations of WGI and WII, or any of their present or former subsidiaries or affiliates, WGI and WII shall use their best efforts to make available for interviews or testimony, as requested by the Department, present or former directors, officers, employees, agents and consultants of WGI, WII and any of their present or former subsidiaries or affiliates, as well as the directors, officers, employees, agents and consultants of contractors and sub-contractors.  This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with federal law enforcement authorities.  Cooperation under this paragraph will include identification of witnesses who, to the knowledge of WGI and WII, may have material information regarding the matters under investigation.

       d.     With respect to any information, testimony, document, record or other tangible evidence provided to the Department pursuant to this Agreement, WGI and WII consent to any and all disclosures to other governmental authorities, whether

8

United States authorities or those of a foreign government, of such materials as the Department, in its sole discretion, shall deem appropriate.

## Payment of Criminal Penalty

7.      WGI and WII, jointly and severally, agree to pay a criminal penalty in the amount of $22,000,000, payable in four installments.    The first installment of $10,000,000 shall be paid to the United States Treasury within ten (10) calendar days of the execution of this Agreement ("the Initial Payment Date").  The second and third installments, each in the amount of $4,000,000, shall be paid on or before the first and second anniversaries of the Initial Payment Date.  The fourth installment of $4,000,000 shall be paid within the period that is after the third anniversary of the Initial Payment Date, and before the last business day of the Term.  The $22,000,000 penalty is final and shall not be refunded (a) if the Department moves to dismiss the Information pursuant to this Agreement, or (b) should the Department later determine that WGI or WII has breached this Agreement and bring a prosecution against WGI, WII or both entities.  Furthermore, nothing in this Agreement shall be deemed an agreement by the Department that the $22,000,000 amount is the maximum criminal fine that may be imposed in any such prosecution, and the Department is not precluded from arguing that the Court should impose a higher fine, although the Department agrees that under those circumstances it will recommend to the Court that the amount paid under this

Agreement should be offset against any fine the Court imposes as part of a judgment.

8.     In the event that the Department, pursuant to paragraphs 16 through 18 below, determines that WGI or WII has breached this Agreement and the breaching entity fails to effect a cure (as provided in paragraph 20, if applicable), the entire amount of the criminal penalty, less amounts already paid (if any), shall be due and owing within ten (10) calendar days of receipt by WGI from the Department of written notice of breach.

**Conditional Release from Criminal Liability**

9.     In return for the full and truthful cooperation of WGI and WII, and compliance with the terms and conditions of this Agreement, the Department agrees not to use any information related to the conduct described in the attached Statement of Facts against WGI and WII in any criminal or civil case, except:  (a) in a prosecution for perjury or obstruction of justice; (b) in a prosecution for making a false statement after the date of this Agreement; (c) in a prosecution or other proceeding relating to any crime of violence; or (d) in a prosecution or other proceeding relating to a violation of any provision of Title 26 of the United States Code.  In addition, the Department agrees, except as otherwise provided herein, that it will not bring any criminal or civil case against WGI or WII, or any subsidiary or affiliate of WGI and WII, related to the conduct of present and former directors, officers, employees, agents and consultants, as

described in the attached Statement of Facts, or relating to information WGI or WII disclosed to the Department prior to the date on which this Agreement was signed, concerning their business affairs in Nigeria, Bolivia and Ecuador and related actions in the United States.

   a.    This paragraph does not provide any protection against prosecution for any corrupt payments or false accounting, if any, made in the future by WGI and WII, or any of their directors, officers, employees, agents or consultants, irrespective of whether disclosed by WGI and WII, pursuant to the terms of this Agreement.

   b.    This paragraph also does not provide any protection against prosecution for any corrupt payments made in the past which are not described in the attached Statement of Facts or were not disclosed to the Department prior to the date on which this Agreement was signed.  In addition, this paragraph does not provide any protection against criminal prosecution of any present or former director, officer, employee, shareholder, agent or consultant of WGI and WII for any violations committed by them.

## Corporate Compliance Program

10.    WGI and WII represent that they have implemented and will continue to implement a compliance and ethics program designed to detect and prevent violations of the FCPA and other applicable anti-corruption laws throughout their operations,

including those of their subsidiaries, affiliates, and joint ventures, as well as those of their contractors and subcontractors, with responsibilities that include interactions with foreign officials.   Implementation of these policies and procedures shall not be construed in any future enforcement proceeding as providing immunity or amnesty for any crimes not disclosed to the Department as of the date of signing of this Agreement for which WGI and WII would otherwise be responsible.

11.    In order to address deficiencies in their internal controls, policies and procedures regarding compliance with the FCPA and other applicable anti-corruption laws, WGI and WII represent that they have undertaken, or will undertake in the future, in a manner consistent with all of their obligations under this Agreement, a review of the existing internal controls, policies and procedures within WGI and WII. Where necessary and appropriate, WGI and WII will adopt new or modify existing internal controls, policies and procedures in order to ensure that WGI and WII maintain:  (a) a system of internal accounting controls designed to ensure the making and keeping of fair and accurate books, records and accounts; and (b) a rigorous anti-corruption compliance code designed to detect and deter violations of the FCPA and other applicable anti-corruption laws.  The internal controls system and compliance code will include, but not be limited to, the minimum elements set forth in Attachment C, which is incorporated by reference into this Agreement.

**Independent Corporate Monitor**

12.     WGI and WII agree to engage an independent corporate monitor ("the Monitor") within sixty (60) calendar days of signing this Agreement.  Within thirty (30) calendar days after the signing of this Agreement, and after consultation with the Department, WGI and WII will propose to the Department a candidate to serve as the Monitor.  The Monitor shall have, at a minimum, the following qualifications:

       a.     demonstrated expertise with respect to the FCPA, including experience counseling on FCPA issues;

       b.     experience designing and/or reviewing corporate compliance policies, procedures and internal controls, including FCPA-specific policies, procedures and internal controls;

       c.     the ability to access and deploy resources as necessary to discharge the Monitor's duties as described in the Agreement; and

       d.     sufficient independence from WGI and WII to ensure effective and impartial performance of the Monitor's duties as described in the Agreement.

13.     The Department retains the right, in its sole discretion, to accept or reject any Monitor proposed by WGI and WII pursuant to the Agreement.  In the event the Department rejects a proposed monitor, WGI and WII shall propose another candidate within ten (10) calendar days after receiving notice of the rejection.  This process shall

continue until a Monitor acceptable to all parties is chosen. The Monitor's term shall be three (3) years from the date on which this Agreement was signed, subject to extension or early termination as described in paragraph 4. The Monitor's duties and authority, and the obligations of WGI and WII with respect to the Monitor and the Department, are set forth in Attachment D, which is incorporated by reference into this Agreement.

**Deferred Prosecution**

14.    In consideration of: (a) the past and future cooperation of WGI and WII described in paragraphs 5 and 6 above; (b) their agreement to pay and payment of a criminal penalty of $22,000,000; and (c) their adoption and maintenance of remedial measures and independent review and audit of such measures, including the compliance code and review by the Monitor described in paragraphs 10 through 13 above, the Department agrees that any prosecution of WGI and WII for the conduct set forth in the attached Statement of Facts, and for the conduct relating to information that WGI and WII disclosed to the Department, prior to the signing of this Agreement, concerning their business affairs in Nigeria, Bolivia and Ecuador and related actions in the United States, be and hereby is deferred for the Term of this Agreement.

15.    The Department further agrees that if WGI and WII fully comply with all of their obligations under this Agreement and during the Term, the Department will not

14

continue the criminal prosecution against WGI and WII described in Paragraph 1 and will move to dismiss the criminal Information pending against WGI and WII subsequent to the expiration of the Term and completion of any undertakings in connection with this Agreement, including, but not limited to, undertakings of the Monitor.

## Breach of the Agreement by WGI or WII

16.     If, during the Term of this Agreement, the Department determines, in its sole discretion, that WGI or WII has committed any crime which would constitute a felony under federal law subsequent to the signing of this Agreement, has provided deliberately false, incomplete or misleading information under this Agreement, or has otherwise breached the Agreement, WGI and WII shall thereafter be subject to prosecution for any federal criminal violation of which the Department has knowledge. Any such prosecutions may be premised on information provided by WGI and WII. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against WGI or WII, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the expiration of the Term plus one year. Thus, by signing this Agreement, WGI and WII agree that the statute of limitations with respect to any prosecution that is not time-barred on the date of this Agreement shall be tolled for the

15

Term plus one year.

17.   In the event that the Department determines that WGI or WII have breached this Agreement:  (a) all statements made by or on behalf of WGI or WII to the Department or to the Court, including the attached Statement of Facts, and any testimony given by WGI or WII before a grand jury or any tribunal, at any legislative hearings, or to the SEC, whether prior or subsequent to this Agreement, or any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Department against WGI or WII; and (b) WGI or WII shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence or any other federal rule, that statements made by or on behalf of WGI or WII prior or subsequent to this Agreement, and any leads derived therefrom, should be suppressed. The decision whether conduct or statements of any individual will be imputed to WGI or WII for the purpose of determining whether WGI or WII have violated any provision of this Agreement shall be in the sole discretion of the Department.

18.   WGI and WII acknowledge that the Department has made no representations, assurances or promises concerning what sentence may be imposed by the Court if WGI or WII breaches this Agreement and this matter proceeds to judgment. WGI and WII further acknowledge that any such sentence is solely within

the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

## Sale or Merger of WGI or WII

19.    WGI and WII agree that in the event they sell, merge, or transfer all or substantially all of their business operations as they exist as of the date of this Agreement, whether such sale is structured as a stock or asset sale, merger or transfer, they shall include in any contract for sale, merger or transfer a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement with respect to the business of WGI and WII.

## Public Statements by WGI or WII

20.    WGI and WII expressly agree that they shall not, through present or future attorneys, directors, officers, employees, agents or any other person authorized to speak for WGI or WII, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by WGI and WII set forth above or the attached Statement of Facts.  Any such contradictory statement shall, subject to cure rights of WGI and WII described below, constitute a breach of this Agreement and WGI and WII thereafter shall be subject to prosecution as set forth in paragraphs 16 and 17 of this Agreement.  The decision whether any public statement by any such person contradicting the Statement of Facts will be imputed to WGI and WII for the

17

purpose of determining whether they have breached this Agreement shall be at the sole discretion of the Department.  If the Department determines that a public statement by any such person contradicts in whole or in part a statement contained in the Statement of Facts, the Department shall so notify WGI and WII, and WGI and WII may avoid a breach of this Agreement by publicly repudiating such statement(s) within five (5) business days after notification.  Consistent with the obligations of WGI and WII as set forth above, WGI and WII shall be permitted to raise defenses and to assert affirmative claims in civil and regulatory proceedings relating to the matters set forth in the Statement of Facts.  This paragraph does not apply to any statement made by any present or former employee of WGI or WII in the course of any criminal, regulatory or civil case initiated against such individual, unless such individual is speaking on behalf of WGI or WII.

21.     In connection with this Agreement, neither WGI nor WII shall issue a press release unless they first determine that the text of the release is acceptable to the Department.

**Limitations on Binding Effect of Agreement**

22.     This Agreement is binding on WGI, WII and the Department but specifically does not bind any other federal agencies, or any state, local or foreign law enforcement or regulatory agencies, although the Department will bring the

cooperation of WGI and WII and their compliance with their other obligations under this Agreement, to the attention of such agencies and authorities if requested to do so by WGI or WII.

## Merger Clause

23.     This Agreement sets forth all the terms of the Deferred Prosecution Agreement between WGI, WII and the Department.  No amendments, modifications or additions to this Agreement shall be valid unless they are in writing and signed by the Department, the attorneys for WGI and WII and a duly authorized representative of WGI and WII.

## Notice

24.     Any notice to WGI and WII under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service or registered or certified mail, in each case addressed to:  General Counsel, Willbros Group, Inc., c/o Willbros USA, Inc., 4400 Post Oak Parkway, Suite 1000, Houston, Texas 77027.

Notice shall be effective upon actual receipt by WGI and WII.

**AGREED:**

**FOR WILLBROS GROUP, INC. and WILLBROS INTERNATIONAL**

ROBERT W. TARUN
Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
 (415) 591-3220
Counsel for **Willbros Group, Inc. and**
**Willbros International, Inc.**

**FOR THE DEPARTMENT OF JUSTICE:**

STEVEN A. TYRRELL
Chief, Fraud Section

By: _____

MARK F. MENDELSOHN
Deputy Chief, Fraud Section

THOMAS E. STEVENS
Special Trial Attorney, Fraud Section

STACEY K. LUCK
Trial Attorney, Fraud Section

United States Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., N.W.
Washington, D.C.  20005
(202) 514-7023

Filed at Houston, Texas, on this 14th day of May, 2008.

## OFFICER'S CERTIFICATE

I have read this Agreement and carefully reviewed every part of it with counsel for Willbros Group, Inc. ("WGI") and Willbros International, Inc. ("WII").   I understand the terms of this Agreement and voluntarily agree, on behalf of WGI and WII, to each of its terms.  Before signing this Agreement on behalf of WGI and WII, I consulted with the attorney for WGI and WII.  The attorney fully advised me of the rights of WGI and WII, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement.

I have carefully reviewed this Agreement with the Board of Directors of WGI. I have advised, and caused outside counsel for WGI and WII to advise, that Board fully of the rights of WGI and WII, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into the Agreement.

No promises or inducements have been made other than those contained in this Agreement.  Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this Agreement on behalf of WGI and WII, in any way to enter into this Agreement.  I am also satisfied with the attorney's representation in this matter.  I certify that I am an officer of WGI and that I have been duly authorized by WGI and WII to execute this Agreement on behalf of WGI and WII.

Date:  May 9th, 2008

**Willbros Group, Inc. and Willbros International, Inc.**

By: _____
John T. Dalton
Senior Vice President and General Counsel

**Willbros Group, Inc.**

## CERTIFICATE OF COUNSEL

I am outside counsel for Willbros Group, Inc. ("WGI") and Willbros International, Inc. ("WII") in the matter covered by this Agreement.  In connection with such representation, I have examined relevant WGI and WII documents and have discussed this Agreement with the WGI Board of Directors.  Based on my review of the foregoing materials and discussions, I am of the opinion that:  the representative of WGI has been duly authorized to enter into this Agreement on behalf of WGI and WII.  This Agreement has been duly and validly authorized, executed, and delivered on behalf of WGI and WII and is a valid and binding obligation of WGI and WII.  Further, I have carefully reviewed this Agreement with the Board of Directors and General Counsel of WGI.  Together with other outside counsel for WGI and WII, I have fully advised them of the rights of WGI and WII, of possible defenses, of the Sentencing Guidelines' provisions and of the consequences of entering into this Agreement.  To my knowledge, the decision of WGI and WII to enter into this Agreement is an informed and voluntary one.

Date: May 9 , 2008

Robert W. Tarun
Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
(415) 591-3220
Counsel for **Willbros Group, Inc. and
Willbros International, Inc.**