## ATTACHMENT D

### Independent Corporate Monitor

1.  Within sixty (60) calendar days of the execution of this Agreement, WILLBROS GROUP, INC. and WILLBROS INTERNATIONAL, INC. ("WGI" and "WII" or, together referred to as "the Company") agree to engage an independent corporate monitor (the "Monitor") for a period of three (3) years. The Monitor's primary responsibility is to assess and monitor the Company's compliance with the terms of this Agreement so as to specifically address and reduce the risk of any recurrence of the Company's misconduct, including evaluating the Company's corporate compliance program with respect to the Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended, 15 U.S.C. §§ 78dd-1, *et seq.*, and other relevant anti-corruption laws. Within thirty (30) calendar days after the signing of this Agreement, and after consultation with the Department, WGI and WII will propose to the Department a candidate to serve as the Monitor. The Monitor shall have, at a minimum, the following qualifications:

   a.   demonstrated expertise with respect to the FCPA, including experience counseling on FCPA issues;

   b.   experience designing and/or reviewing corporate compliance policies, procedures and internal controls, including FCPA-specific policies, procedures and internal controls;

   c. the ability to access and deploy resources as necessary to discharge the Monitor's duties as described in the Agreement; and

   d. sufficient independence from WGI and WII to ensure effective and impartial performance of the Monitor's duties as described in the Agreement.

  3. The Department retains the right, in its sole discretion, to accept or reject the Monitor proposed by WGI and WII. The Monitor's term shall be three (3) years from the date on which this Agreement was signed, subject to extension or early termination as described in Paragraph 4 of the Agreement. The Monitor's duties and authority, and the obligations of WGI and WII with respect to the Monitor and the Department, are set forth below.

  4. WGI and WII agree that it will not employ or be affiliated with the Monitor for a period of not less than one year from the date the monitor's work has ended.

  5. The Monitor will review and evaluate the effectiveness of WGI and WII's internal controls, record-keeping, and financial reporting policies and procedures as they relate to WGI and WII's compliance with the books and records, internal accounting controls and anti-bribery provisions of the FCPA, and other applicable anti-corruption laws. This review and evaluation shall include an assessment of those

policies and procedures as actually implemented. The retention agreement between WGI and WII and the Monitor will reference this Agreement and include this Agreement as an attachment so the Monitor is fully apprised of his or her duties and responsibilities.

6. WGI and WII shall cooperate fully with the Monitor and the Monitor shall have the authority to take such reasonable steps as, in his or her view, may be necessary to be fully informed about the corporate compliance program of WGI and WII within the scope of his or her responsibilities under this Agreement. To that end, WGI and WII shall provide the Monitor with access to all information, documents, records, facilities and/or employees that fall within the scope of responsibilities of the Monitor under this Agreement. Any such disclosure by WGI or WII to the Monitor concerning corrupt payments, related books and records and related internal controls shall not relieve WGI and WII of their obligation truthfully to disclose such matters to the Department.

    a. The parties agree that the Monitor is an independent third-party, not an employee or agent of the Company or the Department, and that no attorney-client relationship shall be formed between WGI and WII and the Monitor.

    b. In the event that WGI or WII seeks to withhold from the Monitor

access to information, documents, records, facilities and/or employees of WGI or WII on grounds that the information, documents, records, facilities and/or employees are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, WGI and WII shall promptly provide written notice of this determination to the Monitor and the Department. Such notice shall include a general description of the nature of the information, documents, records, facilities and/or employees that are being withheld, as well as the basis for the claim. The Department may then consider whether to make a further request for access to such information, documents, records, facilities and/or employees, as provided in Paragraph 6(a) of the Agreement.

  c. Except as provided in this paragraph, WGI and WII shall not withhold from the Monitor any information, documents, records, facilities and/or employees on the basis of an attorney-client privilege or work product claim.

  7. WGI and WII agree that:

  a. The Monitor shall assess whether WGI and WII's existing policies and procedures are reasonably designed to detect and prevent violations of the FCPA and other applicable anti-corruption laws.

  b. The Monitor shall evaluate WGI and WII's compliance with this Agreement.

c.   The Monitor shall oversee WGI and WII's implementation of and adherence to all existing, modified or new policies and procedures relating to FCPA compliance (the "Policies and Procedures"), including the minimum policies and procedures set forth in Attachment C.

d.   The Monitor shall ensure that the Policies and Procedures are appropriately designed to accomplish their goals.

e.   During the three (3) year term, the Monitor shall conduct an initial review and prepare an initial report, followed by two follow-up reviews and reports as described below:

i.   With respect to each of the three (3) reviews, after initial consultations with WGI, WII, and the Department, the Monitor shall prepare a written work plan for each of the reviews, which shall be submitted in advance to WGI and WII and the Department for comment. In order to conduct an effective initial review and to understand fully any existing deficiencies in controls, policies and procedures related to the FCPA and other applicable anti-corruption laws, the Monitor's initial work plan shall include such steps as are reasonably necessary to develop an understanding of the facts and circumstances surrounding any violations that may have occurred, but the parties do not intend that the Monitor will conduct his or her own

inquiry into those historical events. Any disputes between WGI and WII, on the one hand, and the Monitor, on the other hand, with respect to the work plan shall be decided by the Department in its sole discretion.

        ii.    In connection with the initial review, the Monitor shall issue a written report within one hundred twenty (120) calendar days of his or her retention setting forth the Monitor's assessment and, if appropriate and necessary, making recommendations reasonably designed to improve the policies and procedures of WGI and WII for ensuring compliance with the FCPA and other applicable anti-corruption laws. The Monitor shall provide the report to the Board of Directors of WGI and contemporaneously transmit copies to Mark F. Mendelsohn (or his successor), Deputy Chief, Fraud Section, Criminal Division, U.S. Department of Justice, 10th and Constitution Ave., N.W., Bond Building, Fourth Floor, Washington, DC 20530. The Monitor may extend the time period for issuance of the report with prior written approval of the Department.

        iii.    Within one-hundred twenty (120) calendar days after receiving the Monitor's report, WGI and WII shall adopt the recommendations set forth in the report; provided, however, that within sixty (60) calendar days after receiving the report, WGI and WII shall advise the Monitor and the Department in

writing of any recommendations that WGI and WII consider unduly burdensome, impractical, costly or otherwise inadvisable. With respect to any recommendation that WGI and WII consider unduly burdensome, impractical, costly or otherwise inadvisable, WGI and WII need not adopt that recommendation; instead, WGI and WII, may propose in writing an alternative policy, procedure or system designed to achieve the same objective or purpose. As to any recommendation on which WGI and WII and the Monitor ultimately do not agree, the views of WGI, WII and the Monitor shall promptly be brought to the attention of the Department. The Department may consider the Monitor's recommendation and the Company's reasons for not adopting the recommendation in determining whether WGI and WII have fully complied with their obligations under this Agreement.

      iv. The Monitor shall undertake two follow-up reviews to further monitor and assess whether the policies and procedures of WGI and WII are reasonably designed to detect and prevent violations of the FCPA, and other applicable anti-corruption laws.

      v. Within sixty (60) calendar days of initiating each follow-up review, the Monitor shall: (A) complete the review; (B) certify whether the anti-bribery compliance program of WGI and WII, including its policies and procedures, is

appropriately designed and implemented to ensure compliance with the FCPA and other applicable anti-corruption laws; and (C) report on the Monitor's findings in the same fashion as with respect to the initial review.

      vi.    The first follow-up review and report shall be completed by one year after the initial review. The second follow-up review and report shall be completed by one year after the completion of the first follow-up review.

      vii.    The Monitor may extend the time period for submission of the follow-up reports with prior written approval of the Department.

8.    In undertaking the assessments and reviews described above, the Monitor shall formulate conclusions based on, among other things: (a) inspection of relevant documents, including all the policies and procedures relating to the anti-corruption compliance program of WGI and WII; (b) onsite observation of the systems and procedures of WGI and WII, including their internal controls and record-keeping and internal audit procedures; (c) meetings with, and interviews of, relevant employees, officers, directors and other persons at mutually convenient times and places; and (d) analyses, studies and testing of the anti-corruption compliance program of WGI and WII.

9.    Should the Monitor, during the course of his or her engagement, discover

credible evidence that questionable or corrupt payments or questionable or corrupt transfers of property or interests may have been offered, promised, paid or authorized by any WGI and WII entity or person, or any entity or person working directly or indirectly for WGI and WII, or that related false books and records have been maintained, the Monitor shall promptly report such conduct to WGI's General Counsel, to its Audit Committee, and to its outside counsel for further investigation, unless the Monitor believes, in the exercise of his or her discretion, that such disclosure should be made directly to the Department. If the Monitor refers the matter only to WGI's General Counsel, its Audit Committee, and its outside counsel, WGI and WII shall promptly report the same to the Department and contemporaneously notify the Monitor that such report has been made. If WGI and WII fail to make disclosure to the Department within ten (10) calendar days of the Monitor's report of such conduct to WGI and WII, the Monitor shall independently disclose his or her findings to the Department at the address listed in paragraph 7e(ii) above. Further, in the event that WGI and WII, or any entity or person working directly or indirectly for WGI and WII, refuse to provide information necessary for the performance of the Monitor's responsibilities, the Monitor shall disclose that fact to the Department. WGI and WII shall not take any action to retaliate against the Monitor for any such disclosures or for

any other reason. The Monitor may, at his or her discretion, report other criminal or regulatory violations discovered in the course of performing his or her duties, in the same manner as described above.